IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| Valerie Coleman, | ) | C/A No. 1:17-970-RBH-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Centerra Group, LLC, | ) | |
| Defendant. | ) | |

The plaintiff, Valerie Coleman, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq. against Defendant Centerra Group, LLC ("Centerra"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion for judgment on the pleadings. (ECF No. 18.) Coleman filed a response in opposition (ECF No. 21) as well as a motion to amend her Complaint (ECF No. 20), and Centerra filed a reply to the motion for judgment on the pleadings (ECF No. 26) and a response to Coleman's motion to amend (ECF No. 25). Having reviewed the parties' submissions and the applicable law, the court finds that Coleman's motion to amend should be granted[1] and the defendant's motion for judgment on the pleadings should be granted in part and denied in part.

---

[1] Although Coleman's proposed amended complaint does not alter this court's recommendation with regard to the motion for judgment on the pleadings, the court finds that the proposed amended complaint provides additional facts and details. Therefore, in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure, the court finds Coleman's motion to amend should be granted. Therefore, all references in this Report and Recommendation are to Coleman's proposed amended complaint (ECF No. 20-1).

## BACKGROUND

Coleman was hired in February 2002 by Centerra (or its predecessor), a federal contractor providing security services at the United States Department of Energy's Savannah River Site in Aiken County. (Proposed Am. Compl. ¶¶ 6-7, ECF No. 20-1 at 2; Answer ¶ VII.B.7, ECF No. 6 at 2.) By 2007, Coleman worked as a Lieutenant within the Security Operations Division. (Proposed Am. Compl. ¶ 8, ECF No. 20-1 at 2.) Pertinent to this motion, Coleman raises three causes of action: gender-based disparate treatment, race-based disparate treatment, and retaliation, all in violation of Title VII. With regard to her gender-based disparate treatment claim, Coleman generally alleges that "[s]he was subjected to adverse employment action(s) and differential treatment for engaging in conduct of less than or similar severity to conduct in which her similarly-situated male counterparts engaged without recourse," and that she "received less support from her supervisor than her male counterparts with respect to subordinate discipline, resulting in a substantial hardship upon her in the workplace." (Id. ¶¶ 82, 83, ECF No. 20-1 at 10.) Finally, Coleman alleges she was referred to the "First Sun Employee Assistance Program," causing her to be removed from the Human Reliability Program and lose her access to secure areas, and she was transferred prior to a force-on-force training program. (Id. ¶¶ 84, 85.) With regard to her race-based disparate treatment claim, Coleman relies on almost identical allegations but compares her treatment to her Caucasian counterparts and subordinates. (Id. ¶ 93, ECF No. 20-1 at 12.) Finally, with regard to her retaliation claim, Coleman again relies on the same alleged actions and alleges that she "was subjected to discriminatory and retaliatory discipline, isolation, and other hostile treatment that would dissuade any reasonable worker from engaging in such protected activity," and that "[t]hese acts were severe

PJG

and pervasive to such an extent as to alter Plaintiff's terms and conditions of employment." (Id. ¶¶ 99, 100, ECF No. 20-1 at 13.)

Coleman filed her initial Complaint against the defendant on April 13, 2017, and the defendant filed an Answer on May 19, 2017. On July 18, 2017, the defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c), arguing Coleman's initial Complaint fails to state a valid claim and that Centerra is entitled to judgment as a matter of law.

## DISCUSSION

**A.      Applicable Standards**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings should be granted when, viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law. Tollison v. B & J Machinery Co., 812 F. Supp. 618, 619 (D.S.C. 1993). In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). However, the court may also consider the defendant's answer. See Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014); see also Void v. Orangeburg Cty. Disabilities & Special Needs Bd., Civil Action No. 5:14-cv-02157-JMC, 2015 WL 404247, at *2 n.1 (D.S.C. Jan. 29, 2015).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

**B.     Analysis**

Centerra argues, and the court agrees, that Coleman has failed to plead a plausible claim under Title VII for disparate treatment. Although a plaintiff need not plead a *prima facie* case to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), a claim under Title VII is subject to dismissal if it does not meet the pleading standard under Twombly and Iqbal. See Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017); McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 584-85 (4th Cir. 2015); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

In this case, Coleman fails to allege any action that would constitute an adverse employment action to support a disparate treatment claim either based on gender or race under Title VII. With regard to a disparate treatment claim, an adverse employment action is "a discriminatory act that 'adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment.'" Holland v.

Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) (quoting James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004)).  It must constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different job responsibilities, or a decision causing a significant change in benefits.  Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998).  As argued by Centerra, Coleman's factual allegations indicate that she "is still employed by Defendant, she retains her position as Lieutenant in the Security Operations Division, and she has held such position since being promoted in 2007."  (Def.'s Mem. Supp. Mot. to Dismiss at 5, ECF No 18-1 at 5) (citing Compl. ¶ 8).  Centerra acknowledges that Coleman's participation in the Employee Assistance Program ("EAP") temporarily affected Coleman's certification in the Human Reliability Program as required by the Department of Energy; however, Centerra points out that it did not adversely affect the terms, conditions, or benefits of Coleman's employment.  Similarly, Coleman's transfer to a different shift, without more, does not constitute an adverse employment action.  See Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) ("The mere fact that a new job assignment is less appealing to the employee, however, does not constitute adverse employment action.") (internal quotation marks & citation omitted); Boone v. Goldin, 178 F.3d 253, 256-57 (4th Cir. 1999) (concluding that "reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect" on the plaintiff, and explaining that "absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the

*PJG*

old position"). Therefore, Centerra is entitled to judgment on the pleadings as to Coleman's first and second causes of action.

Coleman's claim of retaliation is a closer call because the standard for an adverse action for a retaliation claim is less stringent than for disparate treatment claims. To establish that an adverse action with respect to a retaliation claim, a plaintiff must show that the adverse action was objectively material. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). The United States Supreme Court has held that Title VII's prohibition of adverse actions taken in retaliation for protected activity "is not limited to discriminatory actions that affect the terms and conditions of employment." Id. at 64. Rather, "[t]he scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." Id. at 67. However, the anti-retaliation provision does not shield an employee from all retaliation, but rather only from retaliation that produces injury or harm. Id. Accordingly, to fall within the provision's protection, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.' " Id. at 68 (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). A plaintiff must show material adversity to separate the significant harms from the trivial, as "Title VII . . . does not set forth 'a general civility code for the American workplace.' " White, 548 U.S. at 68 (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998)). The test is an objective one and considers the reactions of a reasonable employee. White, 548 U.S. at 68. Further, "[c]ontext matters," and the significance of the adverse action must be analyzed under the circumstances particular to the plaintiff. See id. at 69. Thus, "an 'act that would be immaterial in some situations is material in others.' " Id. (quoting Washington v. Ill. Dep't

of Revenue, 420 F.3d 658, 661 (7th Cir. 2005)).  The standard analyzes the challenged retaliatory act, not the underlying conduct that gave rise to the Title VII complaint.  White, 548 U.S. at 69.  The question is whether the challenged action was material from the perspective of a reasonable person in the plaintiff's position.  Id. at 69-70.

In this case, although Coleman's allegations do not constitute an adverse employment action for purposes of her disparate treatment discrimination claims, the court finds that she has sufficiently pled an adverse action for purposes of her retaliation claim.  These alleged actions include, for example:  referral to the EAP, which impacted Coleman's certification in the Human Reliability Program; revocation of Coleman's access to secure areas; and transferring Coleman to a different shift.  (See Proposed Am. Compl. ¶ 99, ECF No. 20-1 at 13.)  Evidence in this case may ultimately show that these alleged actions could deter a reasonable employee in the plaintiff's circumstances from making or supporting a charge of discrimination.  Therefore, the court finds that Centerra is not entitled to judgment on the pleadings on Coleman's third cause of action.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that Coleman's motion to amend be granted, and that the defendant's motion for judgment on the pleadings (ECF No. 18) be granted as to Coleman's first and second causes of action and denied as to Coleman's third cause of action for retaliation.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 27, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).